14-CV-09657 (ER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILCIADES PEPIN,

                              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

ZACHARY W. CARTER
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-315
New York, N.Y.  10007-2601

Of Counsel:   Daniel J. LaRose
dlarose@law.nyc.gov
Tel:   (212) 356-4077

Matter No.: 2014-044351

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MILCIADES PEPIN,

                                                             Plaintiff,

                  v.                                                  No. 14-CV-09657 (ER)

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                             Defendant.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

Milciades Pepin ("Plaintiff"), a former probationary Assistant Principal formerly employed by Defendant New York City Department of Education ("DOE"), commenced this action pursuant to 42 U.S.C. § 1983, alleging Defendant committed acts that deprived Plaintiff of his property without the procedural due process guaranteed under the Fourteenth Amendment of the Constitution of the United States. Defendant now moves to dismiss the Complaint in its entirety pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint in its entirety on the grounds that: (1) Plaintiff's claims are barred by res judicata; (2) Plaintiff's claims are barred by the applicable statute of limitations; and, (3) Plaintiff has failed to state a claim for relief that is plausible on its face.

Plaintiff previously commenced two Article 78 proceedings in state court on the same grounds as the instant proceeding, one of which was brought to a final conclusion on the merits. He is barred by res judicata from raising all of the causes of action stated in the Complaint. He is further barred by the three year statute of limitations applicable to claims brought under § 1983. Additionally, Plaintiff fails to state a claim upon which relief can be

granted because he does not have a property interest in his license. For these reasons, explained more fully below, the Complaint must be dismissed in its entirety.

## FACTUAL BACKGROUND[1]

Plaintiff was a probationary Assistant Principal for Defendant. Plaintiff was discontinued on October 21, 2010, and received an unsatisfactory annual rating for the 2009-2010 school year on December 3, 2010. *See* Compl. ¶ 19-20. Plaintiff commenced a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") against Defendant, Index No. 102044/11, seeking an order: (1) annulling the discontinuance of Plaintiff's probationary service; and (2) annulling his rating for the 2009-2010 school year. See id. at ¶ 28.

By Decision and Order dated October 5, 2012, the court dismissed Plaintiff's Amended Petition insofar as it sought reinstatement of Plaintiff's probationary employment as an assistant principal. See id. at ¶ 30. As to Plaintiff's challenge to his U-Rating and placement on DOE's Ineligible/Inquiry List, the Court ordered Respondent to serve a Verified Answer. Defendant served and filed a Verified Answer. See id. at ¶ 31. By the Order of the Honorable Lucy Billings, Justice of the Supreme Court of the State of New York, dated January 27, 2014, the court ordered that DOE annul Plaintiff's U-rating for the 2009-2010 school year, and annul the problem code assigned to the Plaintiff if the problem code was supported by the annulled U-rating, unsubstantiated misconduct recited in a Special Commissioner of Investigations report, or misconduct not documented in Plaintiff's employment file. See id. at ¶ 32.

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's allegations are assumed to be true for purposes of this motion to dismiss only.

Plaintiff made a motion for contempt, alleging that Defendant was in violation of the January 27, 2014 Order. See id. at ¶ 38. The court held oral argument on April 25, 2014 regarding the issue, during which Justice Billings indicated she would deny the motion, though a written decision has yet to be released. See id. at ¶ 40.

Plaintiff commenced another special proceeding in New York State Supreme Court, Index No. 100727/14, on or about July 23, 2014 alleging Defendant violated Plaintiff's due process because Defendant allegedly constructively terminated Plaintiff's teaching license. See id. at ¶ 41. Oral argument was held on November 5, 2014, during which Justice Billings indicated she anticipates dismissing Plaintiff's Petition in its entirety, though a written decision has yet to be released. See id. at ¶ 45.

Plaintiff commenced the instant action on or about December 8, 2014. Defendant now moves to dismiss the Complaint in its entirety.

## ARGUMENT

### POINT I

#### PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF RES JUDICATA

"[F]ederal courts must give state-court judgments the same preclusive effect as they would receive in courts of the same state." Burkybile v. Bd. of Educ. of the Hastings-on-the-Hudson Union Sch. Dist., 411 F.3d 306, 310 (2d Cir. 2005). Where a prior decision is rendered by a New York State court, New York's res judicata doctrine will apply. See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982). Under New York's res judicata doctrine, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon

different theories or if seeking a different remedy." Sosa v. JP Morgan Chase Bank, 33 A.D.3d 609, 611, 822 N.Y.S.2d 122 (N.Y. App. Div. 2d Dep't 2006).  All of Plaintiff's instant claims against the DOE arise from the assignment of Plaintiff's problem code. Therefore, the claims all arise out of this same "transaction" between Plaintiff and DOE.  The New York State Supreme Court has entered a final judgment on the merits with respect to Plaintiff's claims. See Pepin v. New York City Department of Education, Index No. 102044/11, (N.Y. Supreme Ct. Jan. 27, 2014), annexed to the Declaration of Daniel J. LaRose as Exhibit 3. "A final judgment on the merits of an action precludes the parties… from relitigating issues that were or could have been raised in that action."  Murray v. National Broadcasting Co., 178 A.D.2d 157 (1st Dep't 1991) (internal quotations and citations omitted).  "Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Id.  Therefore Plaintiff's instant claims must be dismissed.

    Plaintiff alleges that the issue before the Court is the effect of the problem code which has been assigned to the Plaintiff, namely that the problem code constructively terminates his New York City teaching license without due process.  Petitioner tries to circumvent previous orders of the New York State Supreme Court by stating in his Complaint that "[s]ignificantly, Plaintiff did not claim that his New York City license constituted a property right" in his prior New York State Supreme Court filings.  Compl. ¶ 45.  The issue of Petitioner's problem code has already been litigated ad nauseam.  In the first Article 78 initiated by Plaintiff on the subject, Justice Billing ruled that DOE was able to assign a problem code to Plaintiff's file based on his discontinuance, which she previously upheld.  See Pepin v. New York City Department of Education, Index No. 102044/11, (N.Y. Supreme Ct. Jan. 27, 2014), annexed to the Declaration

of Daniel J. LaRose as Exhibit 3.  Further, in Plaintiff's second Article 78 proceeding on the same transaction, the due process argument was indeed litigated before the New York State Supreme Court and is therefore barred by res judicata.  Plaintiff brought his second Article 78 proceeding before the New York State Supreme Court concerning the same transaction, Pepin v. New York City Department of Education, Index No. 100727/14, wherein Plaintiff alleged that Defendant "constructively terminated [Plaintiff's] New York City license without the due process required…"  Petition in Pepin v. Dep't of Ed., Index No. 100727/14, annexed to the Declaration of Daniel J. LaRose as Exhibit 7; accord Tr. of Oral Argument held on November 5, 2014 at 15: 9-11, Pepin v. Dep't of Ed., Index No. 100727/14, annexed to the Declaration of Daniel J. LaRose as Exhibit 10 ("[T]hey terminated my license without the due process that I'm supposed to have.").

Even if the Court deems the instant Complaint to allege a slightly different claim, Plaintiff is barred from raising any issue that "could have been raised in that [prior] action." Murray, 178 A.D.2d at 157.  Petitioner could have alleged a cause of action sounding in the alleged constructive discharge of his license not meeting 14th Amendment due process requirements in his prior litigation.  Because he did not, he is now barred from litigating the issue here.

### POINT II

### PLAINTIFF'S CLAIM IS TIME-BARRED UNDER THE APPLICABLE STATUTE OF LIMITATIONS

The statute of limitations applicable to a Section 1983 claim accruing in New York is three years. Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). "While state law supplies the statute of limitations for claims under Section 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know

of the harm." Van Wormer v. City of Rensselaer, 293 Fed. App'x 783, 783 (2d Cir. 2008). Even assuming plaintiff possesses a property interest in his New York City licenses, which as discussed *infra* he does not, the statute of limitations on Plaintiff's Section 1983 claim began at the time Plaintiff was terminated and assigned a problem code in October 2010. Significantly for this action, the Supreme Court in Delaware State College v. Ricks, held that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period." 449 U.S. 250, 261 (1980) (citing Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229, 50 L. Ed. 2d 427, 97 S. Ct. 441 (1976)).

In the event Plaintiff sets forth a continuing violation argument, it must fail. The mere fact that wrongful acts may have a continuing impact is not sufficient to find a continuing violation. See Ricks, 449 U.S. at 257 (continuing violation cannot be based on the continuing effects of earlier unlawful conduct); United Air Lines v. Evans, 431 U.S. 553, 558, 52 L. Ed. 2d 571, 97 S. Ct. 1885 (1977) (same). Moreover, "courts of this circuit consistently have looked unfavorably on continuing violation arguments . . . and have applied the theory only under compelling circumstances." Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1415 (S.D.N.Y. 1989). Because this action was commenced more than three years after Plaintiff learned of his discontinuance/termination and the resulting problem code (and alleged termination of his license), plaintiff's Section 1983 claim is time-barred and should be dismissed.

## POINT III

**PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 BECAUSE HE DID NOT HAVE A PROPERTY RIGHT IN HIS LICENSES**

Plaintiff attempts to challenge the constructive termination of his license. As stated supra, Plaintiff is barred from raising any issue that "could have been raised in that [prior]

action." Murray v. National Broadcasting Co., 178 A.D.2d 157, 157 (1st Dep't 1991) (internal quotations and citations omitted). Plaintiff alleged a cause of action sounding in the constructive discharge of his license in his prior Article 78 proceedings, and could have raised all arguments made in the instant Complaint at that time. Because he did not, he is now barred from litigating the issue here.

Even if he was not barred by res judicata, Plaintiff fails to state a cause of action for the constructive discharge of his license. To assert a claim under Section 1983 based on an alleged violation of due process, plaintiff must plead (1) he possesses a liberty or property interest protected by the Constitution or a federal statute and (2) he was deprived of that liberty or property interest without due process. See Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002).

Plaintiff does not have a property right in Plaintiff's City teaching license(s). In his Complaint, Plaintiff cites to Lombard v. Board of Educ., 645 F. Supp. 1574, 1577 (E.D.N.Y. 1986), in support of his contention. However, since Lombard, the landscape of education law in New York City has undergone important changes. DOE now has the power to appoint and dismiss personnel, including probationary teachers. See New York Education Law § 3012(1)(a); New York City Board of Education Bylaws § 4.2.1. Furthermore, pursuant to Chancellor's Regulation C-31, the DOE Office of Appeals and Review reviews the dismissal and license revocation of a discontinued probationary pedagogical employee in a single hearing. See Chancellor's Regulation C-31 § 3.1. Thus the power to fire and revoke licenses is now centralized within DOE. See Behrend v. Klein, 2006 U.S. Dist. LEXIS 68652, 16-17 (E.D.N.Y. Sept. 25, 2006). The issue at hand was directly taken on after the centralization of DOE powers

in Rogovin v. N.Y. City Bd. Educ., 2001 U.S. Dist. LEXIS 11923, 15-16 (E.D.N.Y. Aug. 17, 2001). The court held that a

> license only conveys a mere expectancy of employment, not an obligation that the Chancellor must hire [plaintiff]. The Chancellor hired the plaintiff and he is entitled, after plaintiff flunked his probationary period, to invoke a 'one-strike and you're out' policy and refuse plaintiff a second chance. New York law does not preclude the Chancellor from doing so, **nor is there any basis under New York law for requiring the Chancellor to afford plaintiff a due process hearing at which the Chancellor would need to make the showing necessary in order to revoke his teaching license**. See Special Circular 31R. On the contrary, when making employment decisions with respect to his untenured employees, the Chancellor engages in a discretionary administrative function for which no notice or hearing is necessary unless specifically enjoined by statute.

Rogovin v. N.Y. City Bd. Educ., 2001 U.S. Dist. LEXIS 11923, 15-16 (E.D.N.Y. Aug. 17, 2001) (emphasis added). This holding makes it explicitly clear that Plaintiff does not have a property right in his license, and hence he was not to be afforded any due process.

It should also be noted that even if Plaintiff did have a property right in any city license, he already received due process at the C-31 hearing. Indeed, "[c]ourts which have considered the matter have found that the **procedures set forth in Regulation C-31 for the termination of teaching licenses held by non-tenured teachers are more than sufficient to satisfy the requirements of due process**." Matter of Diamond v. Board of Education of City School District of City of New York, Index No. 113925/07, 2008 N.Y. Misc. LEXIS 8092 (N.Y. Sup. Ct. Nov. 3, 2008) (emphasis added).

- 8 -

Finally, Plaintiff in his Complaint alleges that Chancellor's Regulation C-205 prohibits Plaintiff "from employment within the City District, thereby constructively terminating Plaintiff's New York City license and diminishing the value of Plaintiff's New York State certificates." Compl. ¶ 49.  Chancellor's Regulation C-205 explicitly states, in pertinent part that, "neither discontinuance of probationary service nor denial of completion of probation results in termination of the individual's license." Chancellor's Regulation C-205 at ¶ 25, available at http://docs.nycenet.edu/docushare/dsweb/Get/Document-61/C-205.__9-5-00.pdf.  Plaintiff goes on to contend that "[n]early all NYCDOE schools are allegedly in the City District," and therefore, "Plaintiff is prohibited from employment within the City District."  Compl. ¶ 48-49. However, there are 32 distinct community school districts within the NYC DOE, and pursuant to Chancellor's Regulation C-205, any "district other than the one which discontinued the services of a probationer or denied completion of probation may reappoint the probationer to a new probationary term although the possibility of such appointment does not convey any right to such consideration." Chancellor's Regulation C-205 at ¶ 25; see Community and High School Superintendents, NYC Department of Education website, available at http://schools.nyc.gov/AboutUs/schools/superintendents/ HSsupes.htm (listing all 32 community school districts).  Plaintiff's contentions are at best erroneous.  Because Plaintiff does not have a property right in his license, he was afforded due process through a C-31 review, and because he may still apply for positions within the DOE as well as elsewhere in New York State, Plaintiff's claims must fail.

## POINT IV

**THIS COURT SHOULD ISSUE AN ORDER ENJOINING PLAINTIFF FROM FILING ANY FURTHER ACTIONS AGAINST THE DOE**

**REGARDING PLAINTIFF'S LICENSE,
DISCONTINUANCE,  OR PROBLEM CODE**

The Second Circuit has long recognized the authority of the federal courts to control the behavior of litigants who have "a history of filing vexatious, harassing or duplicative lawsuits through restrictions on future access to the judicial system." Hong Mai v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (quoting Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005); Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)); accord In re Martin-Trigona, 9 F.3d 226, 228-29 (2d Cir. 1993).  Thus, the court retains the equitable power to place appropriate restrictions on the ability of a litigant to pursue repetitive and abusive lawsuits in the future. See, e.g., In re Martin-Trigona, 737 F.2d 1254, 1261-64 (2d Cir. 1984); accord, e.g., Bridgewater Operating Corp. v. Feldstein, 346 F.3d 27, 30 (2d Cir. 2003); Colida v. Nokia Inc., 2008 WL 4517188, *13-16 (S.D.N.Y. May 6, 2008).  "A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (citing Martin-Trigona, 737 F.2d at 1262).  "A district court may enjoin a litigant from filing future lawsuits even if he has only filed one federal action if he has repeatedly pursued the same claims in state courts." Davey v. Dolan, 453 F. Supp. 2d 749, 756 (S.D.N.Y. 2006) (citing Toro v. Depository Trust Co., No. 97 Civ. 5383, 1997 U.S. Dist. LEXIS 19289, at *4 (S.D.N.Y. Dec. 4, 1997)).  A district court may enjoin a vexatious Plaintiff from filing in federal, as well as state court. See Davey 453 F. Supp. 2d at 757.

In determining whether or not to restrict a litigant's future access to the courts, the district court should consider: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3)

whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." Safir, 792 F.2d at 24.  Plaintiff's litigation is harassing and duplicative.  Much of Plaintiff's instant Complaint is copy/pasted from his previous Article 78 proceedings. See Petition, Pepin v. Dep't of Ed., Index No. 100727/14, annexed to the Declaration of Daniel J. LaRose as Exhibit 7. Plaintiff is intentionally harassing Defendant in hopes that Defendant will cave to this continuous litigation because Plaintiff cannot secure employment elsewhere.  Even Justice Billings, who presided over Plaintiff's state court cases, told Plaintiff that he should move on.  See Tr. of Oral Argument held on September 24, 2014 at 32: 15-18, Pepin v. Dep't of Ed., Index No. 100727/14, annexed to the Declaration of Daniel J. LaRose as Exhibit 9 ("Because the problem is that in the final analysis the Department of Education has no obligation to offer you a job. The point that's been made to you repeatedly for three years, so it needs to sink in."); Tr. of Oral Argument held on April 25, 2014 at 27: 19-23, Pepin v. Dep't of Ed., Index No. 102044/11, annexed to the Declaration of Daniel J. LaRose as Exhibit 6 ("The fact is, Mr. Pepin, the Department of Education did discontinue your probationary employment because you sent a prank email to your supervisor. That may be enough to dissuade them from ever hiring you again. You have to realize that.").  Plaintiff's motivation is to harass Defendant by outlasting Defendant in court, hoping to force Defendant's hand in offering Plaintiff employment.  Next, although Plaintiff is appearing pro se in the instant action, the level of sophistication of his papers indicates that he is being aided by an attorney.  Further, Plaintiff has caused needless expenses and an unnecessary burden on the City of New York, State of New York, and United States of America by filing repetitive lawsuits against DOE in state and federal court.  Finally, no other sanctions would

deter Plaintiff, as he has vowed to not stop litigating until his death. See Affirmation of Daniel J. LaRose dated September 22, 2014 at ¶ 5, Pepin v. Dep't of Ed., Index No. 100727/14, annexed to the Declaration of Daniel J. LaRose as Exhibit 8.  Because each factors weighs in favor of enjoining Plaintiff, this Court should issue an order enjoining Plaintiff from filing any further lawsuits regarding his licenses, discontinuance, or problem code in either federal or state court without seeking leave.

## CONCLUSION

For the foregoing reasons, defendant DOE respectfully requests that its motion to dismiss be granted, that judgment be entered in its favor and that it be granted costs and fees, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            April 3, 2015

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendant
                                100 Church Street, Room 2-315
                                New York, New York 10007
                                (212) 356-4077
                                dlarose@law.nyc.gov

                      By:      /s/
                                Daniel J. LaRose
                                Assistant Corporation Counsel

ROBERT KATZ,
DANIEL J. LaROSE.
    Of Counsel